UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>RICHARD THOMAS GRANT,<br>　　　　Defendant. | Case No. 14-cr-00590-PJH-1<br><br>**PRETRIAL ORDER NO. 1**<br>Re: Dkt. Nos. 46, 48 |

On September 30, 2015, this matter came on for hearing before the court on the motion of defendant Richard Thomas Grant, who was represented by counsel, to compel discovery, to preserve evidence and for leave to file additional motions (doc. no. 46), and on the government's motion for mental status examination by a government psychiatrist and for an order compelling disclosure of defendant's medical records (doc. no. 48). The court also held a trial setting hearing. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and for the reasons stated on the record and as summarized below, the court rules as follows.

**I.     Defendant's Discovery Motion**

**A.     Motion to Compel Discovery and Preserve Evidence**

1. Defendant's motion to compel disclosure of all written, recorded, and oral statements that he made is DENIED AS MOOT.

2. Defendant's motion to compel disclosure of the IRS Special Agent's investigation report is GRANTED. The government shall produce the report no later than 30 days before the pretrial conference.

3. Defendant's motion to compel disclosure of all *Brady* materials is DENIED in light of the government's representation that it will comply with its *Brady* obligations.

4. Defendant's motion to compel disclosure of his prior criminal record is DENIED.

5. Defendant's motion to compel disclosure of proposed Federal Rule of Evidence 404(b) evidence before trial is GRANTED. The government shall disclose evidence of other acts that it proposes to introduce pursuant to Rule 404(b) no later than 30 days before the pretrial conference.

6. Defendant's motion to compel disclosure of all evidence seized as a result of any search, including evidence seized in the investigations of persons and entities who are not charged in this indictment, including SORCE, MyICIS, PQI, Joseph Banister, Robert Bernhoft, Freedom Law School and Peymon Mottahedeh, is DENIED on the grounds that defendant has not shown that the requested evidence is material to his defense and his discovery request is overbroad and speculative. Defendant fails to show how documents obtained in the investigations of those entities, other than the documents and evidence relating to him that the government has produced, could establish his own reliance on those materials, particularly because it is unlikely that defendant relied on all of the entities' misrepresentations uncovered during the government's investigations. Defendant's request that the government disclose all the materials uncovered during the investigation of those entities, so that he can review the materials and determine which of those he relied upon, amounts to a fishing expedition. *See United States v. Abonce-Barrera*, 257 F.3d 959, 970 (9th Cir. 2001); *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)).

7. Defendant's motion to preserve all physical evidence, including electronic or digital records, of investigations into persons and entities for promoting tax fraud schemes, including SORCE, MyICIS, PQI, Joseph Banister, Robert Bernhoft, Freedom Law School and Peymon Mottahedeh, is DENIED. His arguments that those

documents are material to his defense are speculative and conclusory. *See United States v. Garro*, 268 Fed. Appx. 573, 575 (9th Cir. 2008) (unpublished) (rejecting argument that materials from the government's investigation of others should have been produced to him under *Brady*, without explaining what piece of evidence should have been given to him or how it would have been material to his defense). "Allegedly suppressed evidence is not material when defendants have only a 'hunch' that the government had useful information." *Id.* (citing *Abonce–Barrera*, 257 F.3d at 970).

8. Defendant's motion to compel the opportunity to inspect, copy and test all other documents and tangible objects, including audio and video recordings of government contacts with witnesses in his case as well as in the investigations of SORCE, MyICIS, PQI, Joseph Banister, Robert Bernhoft, Freedom Law School and/or Peymon Mottahedeh, is DENIED on the grounds that defendant has not shown that all the requested evidence is material to his defense, as discussed above.

9. Defendant's motion to compel expert witness disclosures is GRANTED. The parties shall exchange expert witness disclosures by January 15, 2016.

10. Defendant's motion to compel disclosure of the results of any tests or examinations conducted by government agencies in connection with this case is DENIED in light of the government's representation that it will comply with its *Brady* obligations.

11. Defendant's motion to compel disclosure of *Henthorn* materials is GRANTED. Subject to the government's representation that it will continue to comply with its ongoing *Henthorn* and *Giglio* obligations, the government is ORDERED to make its disclosures no later than 30 days before the pretrial conference.

12. Defendant's motion to compel disclosure of any evidence that any prospective government witness is biased or prejudiced against defendant or has a motive to lie is GRANTED. Subject to the government's representation that it will continue to comply with its ongoing *Giglio* obligations, the government is ORDERED to make its disclosures no later than 30 days before the pretrial conference.

13. Defendant's motion to compel disclosure of evidence that any government witness has engaged in any criminal act is GRANTED. Subject to the government's representation that it will continue to comply with its ongoing *Brady* and *Giglio* obligations, the government is ORDERED to make its disclosures no later than 30 days before the pretrial conference.

14. Defendant's motion to compel disclosure of evidence that any prospective witness is under criminal investigation is GRANTED. Subject to the government's representation that it will continue to comply with its ongoing *Brady* and *Giglio* obligations, the government is ORDERED to make its disclosures no later than 30 days before the pretrial conference.

15. Defendant's motion to compel disclosure of evidence that any witness's ability to perceive, remember, communicate or tell the truth is impaired is GRANTED. Subject to the government's representation that it will continue to comply with its ongoing *Giglio* obligations, the government is ORDERED to make its disclosures no later than 30 days before the pretrial conference.

16. Defendant's motion to compel disclosure of the name and last known address of each government witness and every witness to the charged crimes or overt acts is GRANTED IN PART as to testifying witnesses, and DENIED as to witnesses who will not be called to testify. The government shall disclose the relevant address information when it identifies the witnesses who will testify at trial. The work addresses of government witnesses shall suffice.

17. Defendant's motion to compel the name of any witness who made a favorable statement concerning defendant or who could not identify him or participation in the crimes charged is DENIED in light of the government's representation that it will comply with its ongoing *Brady* obligations.

18. Defendant's motion to compel any statement relevant to any possible defense is DENIED in light of the government's representation that it will comply with its ongoing *Brady* obligations.

19. Defendant's motion to compel disclosure of all statements and promises made to any witness in exchange for their testimony and other impeachment information is GRANTED. Subject to the government's representation that it will continue to comply with its ongoing *Giglio* obligations, the government is ORDERED to make its disclosures no later than 30 days before the pretrial conference.

20. Defendant's motion to compel disclosure of names and address of all informants or cooperating witnesses is GRANTED. Subject to the government's representation that it will continue to comply with its ongoing *Brady* and *Giglio* obligations, the government is ORDERED to make its disclosures no later than 30 days before the pretrial conference.

21. Defendant's motion to compel disclosure of any information indicating bias on the part of any informant or cooperating witness, to the extent not already ordered under paragraph 12, is DENIED in light of the government's representation that it will comply with its ongoing *Brady* and *Giglio* obligations.

22. Defendant's motion to compel production of Jencks Act material in advance of trial is DENIED.

23. Defendant's residual request that the government provide discovery sufficiently in advance of trial to avoid unnecessary delay is DENIED.

**B.    Defendant's Request for Leave**

Defendant's request for leave to file additional discovery motions is DENIED as premature in the absence of an actual discovery dispute.

**II.   Government's Motion for Mental Status Examination and Disclosure of Medical Records**

The government's motion to compel a mental status exam by a psychiatrist or psychologist selected by the government, within the next 60 days, and to compel disclosure of defendant's medical records is DENIED as moot in light of defendant's non-opposition and the parties' agreement, as stated on the record.

5

**III.     Trial Setting**

  With the agreement of counsel for the government and defendant, the court sets this matter for jury trial on June 6, 2016, and for pretrial conference on May 25, 2016. The court will issue a separate order for pretrial preparation.

  **IT IS SO ORDERED.**

Dated: October 2, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge