1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  MATTHEW J. KLUGE (PABN 204285)
   Trial Attorney, Tax Division
5  matthew.j.kluge@usdoj.gov
   COLIN SAMPSON (CABN 249784)
6  Assistant United States Attorney, Tax Division
   Colin.Sampson@usdoj.gov
7  450 Golden Gate Ave., 11th Floor
   San Francisco, CA 94102
8  Telephone:    (415) 436-7020
   Facsimile:    (415) 436-7009
9
   Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD THOMAS GRANT,<br><br>    Defendant. | Case No. 4:14-cr-00590-PJH<br><br>UNITED STATES' NOTICE OF<br>RULE 404(B) EVIDENCE<br><br>Pretrial Conference: May 25, 2016<br>Time:              2:30 p.m.<br>Place:             Courtroom #3, 3rd Fl. |

      The United States of America ("United States") hereby provides notice pursuant to Federal Rule of Evidence 404(b) that it intends to introduce evidence of other crimes, wrongs, or acts of Defendant in its case-in-chief. Many of the acts discussed below are direct, that is "intrinsic" rather than "extrinsic," evidence of the charged crimes, and therefore do not require a Rule 404(b) analysis. However, in an abundance of caution, the United States provides notice of, among other things, the following "other acts:"

- Evidence that Defendant failed to file Forms 1065, U.S. Return of Partnership Income, and California Forms 565, Partnership of Income, for Grant Engineering & Manufacturing, for tax years 2003 through 2010.
- Evidence that Defendant failed to file federal income tax returns for himself, jointly or individually, for the tax years 2000 through 2004, and 2010 through 2014.
- Evidence that Defendant failed to file California income tax returns for himself, jointly or individually, for the tax years 2000 through 2014.
- Evidence that Defendant failed to pay federal income taxes for the tax years 2000 through 2004 and 2010 through 2014.
- Evidence that Defendant failed to pay California income taxes for the tax years 2000 through 2014
- Evidence that Defendant filed multiple actions in District Courts in the Northern District of California, Central District of California, and Southern District of Ohio challenging IRS summonses.
- Evidence that Defendant filed an action in the Central District of California, purporting to act as the legal representative for Grant Engineering & Manufacturing, seeking to quash an IRS summons.
- Evidence that Defendant filed a Collection Due Process action with the IRS, an appeal to the United States Tax Court, and an appeal to the Ninth Circuit Court of Appeals in order to delay IRS assessment and collection efforts with respect to his 2001 and 2002 federal income tax liabilities.
- Evidence that Defendant falsely stated, by a letter dated January 20, 2008, that the appeal fee for the Ninth Circuit Court of Appeals was a financial burden for him.
- Evidence that Defendant converted to cash significant portions of his partnership distributions from Grant Engineering & Manufacturing to avoid depositing those funds into bank accounts
- Evidence that Defendant sent frivolous correspondence to an IRS Revenue Officer after he learned his 2001 and 2002 federal income tax liabilities were being investigated in order to delay the assessment and collection of his federal income tax liabilities.

- Evidence that Defendant sent frivolous correspondence to an IRS Revenue Agent after he learned his 2005 through 2007 federal income tax liabilities were being investigated in order to delay the assessment and collection of his federal income tax liabilities.
- Evidence that Defendant refused to identify himself to an IRS employee who made a field call to his home.
- Evidence that Defendant appeared before an IRS Revenue Agent in 2009 and attempted to represent Carol Grant in response to an IRS request to meet with her regarding her federal income tax liabilities.
- Evidence that Defendant prepared letters on behalf of others to send to the IRS in order to delay or frustrate IRS information gathering and tax collection efforts with respect to Defendant's taxes.
- Evidence that Defendant maintained ownership of valuable personal property, namely his aircraft, nominally titled in his partnership, Grant Engineering & Manufacturing.
- Evidence that Defendant ordered and refilled MyICIS prepaid debit cards in denominations of up to $750 during 2005 and 2006.
- Evidence that Defendant used postal money orders and cashier's checks after 2009.

Rule 404(b) governs the admissibility of evidence concerning "other crimes, wrongs, or acts" committed by a defendant. That Rule provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

*Id*. The Ninth Circuit has held that "Rule 404(b) is a rule of inclusion." *United States v. Alfonso*, 759 F.2d 728, 739 (9th Cir. 1985). "Thus, evidence of past wrongful acts is admissible if it is relevant to an issue *other* than the defendant's character or criminal propensity." *Id*. In other words, "[u]nless the evidence of other crimes tends only to prove propensity, it is admissible." *United States v. Jackson*, 84 F.3d 1154, 1159 (9th Cir. 1996). Furthermore, evidence of other acts which explain the nature of the relationship between the defendant and a witness is independently admissible under Rule 404(b). *See*

*United States v. McKoy*, 771 F.2d 1207, 1214 (9th Cir. 1985). Such evidence may also be admitted to show the background and development of the conspiracy. *Id.*

Other acts evidence "may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." *Huddleston v. United States*, 485 U.S. 681, 685 (1988). "So long as the evidence is offered for a proper purpose ... the district court is accorded wide discretion in deciding whether to admit the evidence, and the test for admissibility is one of relevance." *United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997). A four-part test applies in determining whether similar acts evidence is admissible under Rule 404(b). "[T]he prior bad act evidence must: (1) prove a material element of the crime currently charged; (2) show similarity between the past and charged conduct; (3) be based on sufficient evidence; and (4) not be too remote in time." *Id*.

The other acts at issue are probative of, among other things, Defendant's knowledge, planning, and willfulness in evading and delaying IRS assessment and collection activities. Furthermore, the evidence that the government seeks to introduce is inextricably intertwined with the criminally charged conduct. "Evidence should not be treated as 'other crimes' evidence when 'the evidence concerning the ['other'] act and the evidence concerning the crime charged are inextricably intertwined.'" *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987) (quoting *United States v. Aleman*, 592 F.2d 881, 885 (5th Cir. 1979) (alteration in original)). "We have recognized two categories of evidence that may be considered 'inextricably intertwined' with a charged offense and therefore admitted without regard to Rule 404(b)." *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004) (citing *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995)). Evidence of other acts may be directly admitted if either (1) the evidence "constitutes a part of the transaction that serves as the basis for the criminal charge" or (2) the government finds it necessary in order "to offer a coherent and comprehensible story regarding the commission of the crime." *Id*.

Defendant has been charged with three counts of tax evasion, in violation of Title 26, U.S.C. § 7201. To establish a violation of Section 7201, the government must prove willfulness. In the criminal tax context, willfulness is the "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 201 (1991); *United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir. 1992). "Bad

1  purpose" or "evil motive" is not required for willfulness. *United States v. Pomponio*, 429 U.S. 10, 12
2  (1976); *United States v. Kelley*, 539 F.2d 1199, 1204 (9th Cir. 1976). Since direct proof of a defendant's
3  state of mind is rarely available, circumstantial evidence and inferences drawn therefrom typically
4  establish willfulness. *United States v. Woodley*, 9 F.3d 774, 779 (9th Cir. 1993); *United States v.*
5  *Conforte*, 624 F.2d 869, 875 (9th Cir. 1980).

6  Courts have consistently held that defendants' taxpaying records are probative of willfulness.
7  *See, e.g., United States v. Daraio*, 445 F.3d 253, 264 (3d Cir. 2006); *United States v. Bok*, 156 F.3d 157,
8  165 (2d Cir. 1998) ("As we have often explained, a defendant's past taxpaying record is admissible to
9  prove willfulness circumstantially"); *United States v. Gamble*, 607 F.2d 820, 823 (9th Cir. 1979)
10 (evidence that defendant "had a long history of late filing and late payment of his taxes . . . [was] clearly
11 admissible on the issue of willfulness.") (citing *United States v. Polk*, 550 F.2d 566, 568 (9th Cir. 1977);
12 *United States v. Chaudhry*, 03-40210, 2008 WL 2128197, at * 3-4 (N.D. Cal. May 20, 2008)
13 ("Examples of circumstantial evidence that are admissible to show willfulness [in a Section 7206(1)
14 prosecution] include: . . . defendant's filing history both before and after the years in question.") (citing
15 cases). Willfulness may be inferred from a pattern of failing to file for consecutive years in which
16 returns should have been filed. *United States v. Greenlee*, 517 F.2d 899, 903 (3d Cir. 1975). This may
17 include years prior or subsequent to the prosecution period. *United States v. Upton*, 799 F.2d 432, 433
18 (8th Cir. 1986). Similarly, Defendant's activities prior to the prosecution period are relevant and
19 admissible to the extent they evidence notice to Defendant that his actions were taken "to mislead or to
20 conceal," a requirement to prove that Defendant intended to evade taxes. *Spies v. United States*, 317
21 U.S. 492, 499 (1943); *United States v. Conforte*, 624 F.2d 869, 875 (9th Cir. 1980) (the government
22 must establish that the defendant was aware of his or her obligations under the tax laws).

23 Accordingly, the United States notifies Defendant of its intent to introduce the foregoing
24 evidence pursuant to Rule 404(b), and reserves the right to tender timely notice of additional other acts
25 which may also be intrinsic to an element of the offense charged or alternatively, as evidence of other
26 acts of the Defendant, admissible under Rule 404(b).

27 ///
28 ///

Respectfully submitted this 25th day of April, 2016,

BRIAN J. STRETCH
United States Attorney

*/s/ Colin Sampson*
MATTHEW J. KLUGE
Trial Attorney, Tax Division
COLIN SAMPSON
Assistant United States Attorney, Tax Division

Attorneys for United States of America