WILLIAM A. COHAN, ESQ. (CA BAR #141804)
WILLIAM A. COHAN, P.C.
P.O. BOX 3448
Rancho Santa Fe, California 92067
(858) 832-1632
(858) 832-1845 (FAX)
Email: bill@williamacohan.com

Attorney for Defendant
RICHARD THOMAS GRANT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RICHARD THOMAS GRANT, <br><br> Defendant. | Case No. 4:14-cr-00590-PJH-1 <br><br> **NOTICE OF MOTIONS AND MOTIONS *IN LIMINE* TO: (1) ADMIT RELIANCE DEFENSE EVIDENCE, AND (2) EXCLUDE GOVERNMENT'S UNTIMELY EXPERT OPINIONS** <br><br> Date:  May 25, 2016 <br> Time:  2:30 PM <br> Courtroom: 3 <br> Hon. Phyllis J. Hamilton |

**I.**

**MOTION *IN LIMINE* TO ADMIT RELIANCE DEFENSE EVIDENCE**

Defendant Richard Grant, by and through counsel, hereby moves *in limine* for an order permitting the defense to admit materials Defendant reviewed and relied upon in forming his good faith belief that he was not violating the tax laws. Mr. Grant is entitled to explain and support his good faith defense with evidence of the materials he relied upon in forming his beliefs.

Under the Sixth Amendment and the Fifth Amendment, Mr. Grant has a right to present a complete defense that he had a good faith belief he was not violating the tax laws. *See e.g., United States v. Stever*, 603 F.3d 747, 755-756 (9th Cir. 2010)("Whether grounded in the Sixth Amendment guarantee of compulsory process or in the more general Fifth Amendment guarantee of due process, the Constitution

MOTIONS *IN LIMINE* - 1

guarantees criminal defendants 'a meaningful opportunity to present a complete defense'")(citations omitted). Material supporting defendant's professed view that he was not required to file a tax return is admissible, provided that there is a nexus between the material and the stated view. *See United States v. Powell,* 936 F.2d 1056, 1063-64 (9th Cir. 1991) ("[T]he district court should allow proffered evidence of statutes, case law and legal materials the Powells relied upon in forming their intent to fail to file tax returns."); *United States v. Gaumer*, 972 F.2d 723 (6th Cir. 1992). "[I]t is not contrary to common sense, let alone impossible, for a defendant to be ignorant of his duty based on an irrational belief that he has no duty...." *Cheek v. United States,* 498 U.S. 192, 203 (1991).

     Mr. Grant relied upon, among other things, the following materials in forming his good faith belief he was not required to file income tax returns or pay income taxes: (1) the criminal and civil court proceedings, and media and internet coverage, of Certified Public Accountant and former IRS Special Agent Joseph Banister, who was acquitted of alleged tax crimes, (2) Freedom Law School and its materials, courses and leader Peymon Mottahedeh; (3) documents, audio and video productions produced by Freedom Law School, other educational materials, and tangible objects from or related to Mr. Banister, Mr. Mottahedeh and the Freedom Law School, including videos it produced and distributed featuring Robert Schulz and the We the People Foundation (givemeliberty.org), and William Conklin.

     Freedom Law School associated with and promoted Mr. Banister and his claims that no law requires individuals to file federal income tax returns and pay income taxes. Mr. Grant closely followed Mr. Banister, supported him by donating to his legal defense fund[1], and relied upon Mr. Banister's research – including a 95

---

[1] The government disclosed evidence apparently seized from MyICIS indicating Mr. Grant provided a $502 contribution to Joseph Banister's legal defense fund on May 26, 2005. *See* MyICIS Account Record, Bates # US00600.

MOTIONS *IN LIMINE* - 2

page report concluding no law required individuals to file income tax returns – and criminal tax case resulting in Banister's acquittal on all charges.

Mr. Grant learned about and followed Joseph Banister through the Freedom Law School and other media, including the radio, newspapers, CSPAN2 and the internet. Mr. Grant provided the government with reciprocal discovery of documents, DVD's and other materials he received from the Freedom Law School concerning Mr. Banister. Moreover, the government intends to introduce into evidence correspondence the IRS received from Mr. Grant in connection with the government's civil investigation and civil litigation with Mr. Grant over tax liability and collection activity, which correspondence was prepared by Freedom Law School. Mr. Grant purchased membership in Freedom Law School's Royal Freedom Package. Mr. Grant paid thousands of dollars for Freedom Law School's materials and assistance with his interactions with the IRS. For example, on or about March 6, 2008, Peymon Mottahedeh sent Mr. Grant the following correspondence on behalf of Freedom Law School:

> CONGRATULATIONS and thank you for your Continued Loyalty and Support of Freedom Law School's Freedom works. You have made it through the FIFTH year of your membership in our Royal Freedom Package. Now that you have paid the initial $6,000 Membership Dues, your renewal dues are only $3,000 per year.
>
> Your funds are spent on protecting and defending fellow freedom seekers in the Royal Freedom Package Group. For this $3,000 annual renewal fee you will continue to receive, for any year that a 1040 Income Tax Confession form has NOT been sent in,
>
> (1) Unlimited Consultation, by telephone, about your IRS or State Income Tax Issues.
>
> (2) Full representation by qualified paralegals, attorneys or other professionals for any and all IRS and State Income Tax Agency Administrative issues, including:
>     (a) All Letters and Correspondence between you and the IRS or
>     (b) All Summons, Hearings, Tax Court Work for IRS and State Income Tax Agencies...
>
> In short, you have obtained a "Peace of Mind Package" that allows you to spend your time on other areas of your life, while we make sure you are well protected from the insidious attacks of the IRS or State Income

Tax Agencies, so that you can enjoy your life with reassurance and FREE of fear.

Mr. Grant maintained his membership in Freedom Law School's Royal Freedom Package prior to, throughout and beyond the relevant period of the first superseding indictment. Mr. Grant paid thousands of dollars to receive and study Freedom Law School's materials and for Freedom Law School's and Mr. Mottahedeh's assistance with his interactions with the IRS, including drafting letters, memoranda and legal briefs for Mr. Grant to sign and submit.

The Freedom Law School materials Mr. Grant received, reviewed, and relied upon in forming his good faith belief include video presentations concerning evidence no law required individuals to file income tax returns by Mr. Schulz, Mr. Banister and Mr. Conklin, as well as documents compiled by different sources on the voluntariness of the income tax and the Fifth Amendment right not to incriminate oneself, including not filing a "voluntary" income tax return. In addition to the reliance materials previously mentioned, Mr. Grant also provided the following reciprocal discovery disclosures:

(1) USA Today advertisements published nationwide in 2001 and 2002, paid for by Bob Schulz and/or the We The People Foundation, concerning Joe Banister and questioning whether there is a law that requires most Americans to file income tax returns;

(2) Investigating the Federal Income Tax, A Preliminary Report by Joseph Banister, Second Edition; and, correspondence and other documents from Mr. Banister's interactions with the IRS, his criminal case and resulting acquittal.

(3) other correspondence from Freedom Law School and Mr. Mottahedeh to Richard and Carol Grant re their membership in Freedom Law School's Royal Freedom Package;

(4) letters from Richard and Carol Grant to Congressman George Miller, Senators Diane Feinstein and Barbara Boxer concerning tax issues;

MOTIONS *IN LIMINE* - 4

1          (5) research materials and correspondence concerning U.S. v. Robert Lawrence
2  and the Paperwork Reduction Act of 1995; and,
3          (6)  Freedom Law School materials concerning rights to financial privacy and
4  *U.S. v. Miller*, 425 U.S. 435 (1976), and the course "A Practical Road to Freedom
5  From Oppressive Taxation and Control; a Course in Law and Procedures Level 1."
6          These disclosures were Bates numbered RG00001- 549.

## II.

## MOTION *IN LIMINE* TO EXCLUDE UNTIMELY EXPERT OPINIONS

Defendant Richard Grant, by and through counsel, hereby moves *in limine* to exclude the government's untimely expert opinions from Eric Chan, M.D. and Paul Garcia, M.D., pursuant to this Court's October 2, 2015, Pretrial Order No. 1 (docket # 57), which provided that "The parties shall exchange expert witness disclosures by January 15, 2016." On May 10, 2016, the government provided the defense with additional expert opinions from Drs. Chan and Garcia: (1) a May 9, 2016 letter report from Dr. Chan to AUSA Sampson, and (2) a one-page document signed by Dr. Garcia on his office letterhead in a file labeled "Response to DOJ questions re Woods evaluation.pdf" with a Curriculum Vitae for Dr. Garcia. *See* 5/10/16 email from AUSA Sampson (Exhibit A).

These disclosures are months past the expert disclosure deadline and, to the extent the Court gives them any consideration, they prejudice Mr. Grant because they were disclosed one day before the motions *in limine* filing deadline, when Mr. Grant cannot rebut them prior to this Court's deadlines in the operative pretrial orders (docket nos. 56 and 57). *See e.g., Mariscal v. Graco, Inc.*, 52 F.Supp.3d 973, 981-984 (N.D. Cal. 2014). Trial is just weeks away and the government's failure to timely secure and provide these opinions to the defense, which obviously could have been done before the applicable deadline, should not be excused by the Court. If a valid reason existed, the government should have sought an extension of the expert disclosure deadline and possibly a corresponding continuance of the trial date, with

appropriate notice of (1) the additional expert opinions it was seeking and (2) that it was designating a second expert, Dr. Garcia. AUSA Sampson's May 10, 2016, email and its attachments are the first expert notice the defense received that the government had retained expert Paul Garcia, M.D. in this matter. The defense would have timely secured additional medical evidence and opinions to support its Fed.R.Crim.P. 12.2(b) notice and to rebut this untimely evidence from the government if the opinions of Drs. Chan and Garcia had been disclosed by the government pursuant to the deadlines this Court set for expert disclosures, or if a timely request for extension of the deadline was made.

In support of this motion *in limine* to exclude these untimely opinions, Mr. Grant will recount recent communications with the government concerning its contemplated *Daubert* motion, which was just filed with the Court on May 10, 2016[2]. On or about April 27, 2016, the government mentioned to defense counsel for the first time that it intended to challenge Dr. Woods' opinions[3] with a *Daubert* motion and would seek an evidentiary hearing to cross examine Dr. Woods on his opinions, which it wanted to set in advance of the Pretrial Conference on May 11 or May 18, 2016. In response, defense counsel conferred with Dr. Woods about available dates for such a hearing and unfortunately Dr. Woods had preexisting scheduling conflicts for May 11, 18, and 25, 2016, because he was traveling out of the district for other professional engagements.

On April 30, 2016, Dr. Woods responded that he could be available for a *Daubert* evidentiary hearing on May 27, 30, and June 6, which the defense relayed to the government on May 1, 2016. AUSA Sampson responded to the defense by

---

[2] Mr. Grant will oppose the government's *Daubert* motion in a separate filing in due course.

[3] The defense disclosed Dr. Woods' report in September 2015. The government provided the responsive report from its expert Dr. Chan in January 2016.

email: "The dates you provide are beyond the pretrial conference and put the trial date in jeopardy. We will be noticing the hearing for May 18 and noting your objection and our efforts to accommodate Dr. Woods' schedule." The defense responded to this email, particularly the threat to attempt to set the *Daubert* hearing on a date when Dr. Woods had indicated he was unavailable, by suggesting the government file its *Daubert* motion with the hearing date to be determined because:

> First, we cannot control Dr. Woods' schedule and he has already indicated he cannot be available on May 18. Second, since you recently notified the defense of your intention to seek a *Daubert* evidentiary hearing, we have worked in good faith to find dates when Dr. Woods is available. Third, the government has had the expert reports for months and only recently has decided to request a *Daubert* hearing, apparently now seeking to exclude some or all of Dr. Woods' proposed testimony. Fourth, it is unclear that setting the *Daubert* hearing for a date when Dr. Woods is available will "put the trial date in jeopardy," but it is the government bringing this motion at the Eleventh hour and seeking to do so in a manner inconsistent with the judge's pretrial order and Dr. Woods' schedule that has created this problem.

*See* 5-2-16 Cohan email (Exhibit B). The government did not respond to this email and it did not file its contemplated *Daubert* motion later on Monday, May 2, 2016, as it previously indicated it would on April 29, 2016. Notably, the government also did not indicate at this point, or any time up until its untimely disclosures on May 10, 2016, that it was securing additional expert opinions (and designating Dr. Garcia as an expert), which it would be disclosing purportedly in support of its *Daubert* motion. However, the government apparently has known since at least May 1, 2016, that its untimely expert disclosures could "put the trial date in jeopardy."

Accordingly, the Court should entirely exclude: (1) any opinions and/or evidence from Dr. Garcia and (2) all opinions, and any new material relied upon in Dr. Chan's May 9, 2016, letter report.

## III.

## **CONCLUSION**

For the foregoing reasons, Mr. Grant respectfully requests that the Court grant the above motions.

MOTIONS *IN LIMINE* - 7

Respectfully Submitted,

DATED: May 11, 2016.

WILLIAM A. COHAN, P.C.

 s/ *William A. Cohan*
California Bar No. 141804
P.O. Box 3448
Rancho Santa Fe, CA 92067
Tel:  (858) 832-1632
Fax:  (858) 832-1845
E-mail: bill@williamacohan.com

Attorney for Defendant RICHARD GRANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

COLIN CHRISTOPHER SAMPSON, ESQ.
colin.sampson@usdoj.gov

MATTHEW J. KLUGE
matthew.j.kluge@usdoj.gov

 s/ *William A. Cohan*
William A. Cohan, Esq.

MOTIONS *IN LIMINE* - 8