UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

RICHARD THOMAS GRANT,

Defendant.

Case No. 14-cr-00590-PJH-1

**PRETRIAL ORDER NO. 2**

Re: Dkt. Nos. 74, 81

This matter came before the court for a pretrial conference on May 25, 2016. At the hearing, the court ruled on the motions in limine and other disputed pretrial matters as stated on the record and summarized below.

**I.    Motions in Limine**

   **A.    Government's Motions in Limine**

   **No. 1.** The government's motion to exclude evidence that may be offered by defendant regarding his views about the constitutionality and validity of the tax laws, except as to his good-faith belief about the law to undermine the government's evidence of willfulness, is GRANTED as to evidence that would cause jury confusion. In light of the parties' agreement on the admissibility of materials on which defendant actually relied, the court will give a limiting instruction as permitted in *Powell*: "Legal material admitted at trial is relevant only to the defendant's state of mind and not to the requirements of the law." *U.S. v. Powell*, 955 F.2d 1206, 1214 (9th Cir. 1992). Defendant may introduce a representative sample of reliance materials and may testify to the volume of materials on which he relied, but the court will not admit the entirety of the

materials on which he relied because admission of all reliance materials would cause undue delay, would waste time, and would be needlessly cumulative and repetitious.

**No. 2.** The government's motion to exclude lay opinion testimony regarding defendant's good faith beliefs is GRANTED with respect to witness testimony about what defendant thought or believed, and DENIED with respect to testimony about defendant's conduct and statements, subject to establishing an adequate foundation.

**No. 3.** The government's motion to admit defendant's statements to IRS employees and in court-filed papers as party admissions pursuant to FRE 801(d)(2)(A), as well as statements and inquiries by IRS officers and agents offered to provide context for defendant's responses and to show the effect on the listener, is GRANTED. The government shall meet and confer with defense counsel on a limiting instruction for out-of-court statements being introduced only to show the effect on the listener, and not for the truth of the matter asserted. The parties shall file a jointly proposed instruction **by June 7, 2016.**

**No. 4.** The government's motion to exclude defendant's out-of-court statements offered by the defense as inadmissible hearsay is GRANTED.

**No. 5.** The government's motion to exclude any reference by the defense to defendant's potential sentence at any phase of the trial, including loss of liberty or the potential impact of a conviction on his family, is GRANTED as unopposed.

### B. Defendant's Motions in Limine

**No. 1.** Defendant's motion to admit materials he reviewed and relied upon in forming his subjective, good faith belief that he was not violating the tax laws is GRANTED, subject to laying a proper foundation to demonstrate actual reliance and subject to the volume limitation referred to above in I.A.1.

**No. 2.** Defendant's motion to exclude the government's supplemental expert rebuttal opinions as untimely is DENIED.

## II. Proposed Verdict Form

At the pretrial conference, defendant raised an objection to the previously filed

stipulated proposed verdict form, as stated on the record.  Doc. no. 79.  The parties are ordered to meet and confer and to file a revised proposed verdict form, either stipulated or disputed, **by June 7, 2016.**

### III.     Proposed Jury Instructions

The court GRANTS the parties' request to give the jointly proposed jury instructions.  Doc. no. 77.  The court will also give an instruction admonishing the use of electronic technology to conduct research about the case, as attached as Appendix A to this pretrial order.  As the court ordered in granting the government's motion in limine No. 3, the parties shall file a proposed limiting instruction for out-of-court statements being introduced only to show the effect on the listener, and not for the truth of the matter asserted, **by June 7, 2016**.

The court rules on the disputed instructions as follows:

The court GRANTS the government's request to give its proposed instructions Nos. 40 (tax due and owing), 41 (affirmative attempt to evade or defeat a tax due and owing), and 42 ("willfully" and good faith misunderstanding), which are based on model instructions approved for use in the Seventh Circuit, Third Circuit and Ninth Circuit, respectively.

The court DENIES defendant's request to give his proposed instructions 1, 2, 3, 4 and 9 on the ground that they are argumentative, take portions of legal authority or model instructions that are incomplete or out of context, could confuse the jury, and/or address issues that are adequately instructed by Ninth Circuit Model Criminal Jury Instruction 9.42, as proposed by the government as Instruction No. 42 and adopted by the court.

The court DENIES defendant's request to give his proposed instruction 5 on impeachment by inconsistent or contradictory statements.  If a specific instruction on impeachment by inconsistent statements is called for by the evidence presented at trial, the court will adopt Ninth Circuit Model Criminal Jury Instruction 4.8 as proposed by the government.

The court DENIES defendant's request to give his proposed instruction 6 on the

grounds that it is argumentative and duplicative of Ninth Circuit Model Criminal Jury Instruction 3.9, which the parties jointly proposed.

The court DENIES defendant's request to give his proposed instructions 7 and 8 which are not based on model instructions and are argumentative. Furthermore, defendant's proposed instruction 8 cites language from legal authority that does not govern this case.

## IV.    Proposed Voir Dire

The court has reviewed the parties jointly proposed voir dire and incorporated several proposed questions into the written juror questionnaire, which is attached as Appendix B to this order. As a general matter, the parties may ask questions during voir dire based on approved jury instructions, but may not argue the case. Defense counsel is permitted to ask defendant's proposed voir dire questions 1, 5 and 6, and may not ask his proposed questions 3, 4, 7-12.

## V.    *Daubert* Motion

For the reasons fully set forth on the record, the government's motion to hold a *Daubert* hearing and exclude testimony of defendant's mental health expert is DENIED. Following *U.S. v. Cohen*, 510 F.3d 1114 (9th Cir. 2007) and *U.S. v. Finley*, 301 F.3d 1000 (9th Cir. 2002), the court is satisfied that the defense expert testimony is based on reliable scientific knowledge and will be helpful to the jury. The government's arguments about the expert's reliability primarily go to the weight of the evidence, but not its admissibility.

## VI.    Government Notices

Defendant stated that he had no objection to the government's notice of intent to offer certifications of absence of public records pursuant to FRE 803(10)(b) and 902(1). Doc. no. 99.

At the pretrial conference, defendant raised an objection for the first time to the government's notice of intent to introduce evidence of crimes, wrongs or other acts of defendant pursuant to FRE 404(b). Defendant has since filed a written response. This is

a matter that should have been raised sufficiently in advance of the pretrial conference so that it could have been discussed at the pretrial conference. The court is of the opinion that most of the so-called FRE 404(b) evidence is not really FRE 404(b) evidence but amounts to circumstantial evidence from which defendant's state of mind can be proven, and as such is admissible without the need for a limiting instruction. However, the court would like to discuss this evidence with counsel before making a final ruling, particularly given the points raised by defendant that the other "acts" do not necessarily amount to other "crimes," and that the characterization of the purpose of the acts such as "to delay or frustrate" is argumentative and speculative. Thus the manner in which this evidence will be presented will be circumscribed. A hearing on this issue will be held either after jury selection on June 7, 2016, or on the morning of Wednesday, June 8, 2016.

The government has also filed a notice of intent to offer summary testimony and summaries of voluminous evidence. Doc. no. 70. Defendant has not objected to the notice of this evidence and it will be admitted.

The government has filed a witness list and trial exhibit list.

## VII. Trial Schedule

Trial will commence with jury selection on June 7, 2016 at 8:30 a.m. It is not necessary for the parties to stand by for notice from the court advancing the trial date to June 6, 2016.

**IT IS SO ORDERED.**

Dated: May 27, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge

**APPENDIX A: USE OF ELECTRONIC TECHNOLOGY TO CONDUCT RESEARCH ON OR COMMUNICATE ABOUT A CASE**

**Before Trial:**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.  Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors.  After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, Blackberries, the internet and other tools of technology.  You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, including Facebook, Google+, My Space, LinkedIn, or YouTube.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

I hope that for all of you this case is interesting and noteworthy.

**At the Close of the Case:**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.

**APPENDIX B:** CONFIDENTIAL JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly. Since we want to make copies for the attorneys and the court, do not write on the back of any page. If you need more room, continue at the bottom of the page. If there is anything on this form that you do not want to talk about in open court, please write "Private" beside the question number. Thank you for your cooperation.

1. Your name:_____

2. Your age:_____

3. The city where you live:_____

4. Your place of birth:_____

5. Do you rent or own your home? (circle one)   rent   own

6. Your marital status: (circle one)

   single      married      separated      divorced      widowed      live with partner

7. What is your occupation, and how long have you worked in it? (If you are retired, please write "retired" and describe your main occupation when you were working.)

   _____

8. Who is (or was) your employer?

   _____

9. How long have or did you work for this employer?_____

10. Please list the occupations of any adults with whom you live.

    _____

11. If you have children, please list their age and gender and, if they are employed, please give their occupations.

    _____

    _____

12. Your educational background:

    Highest grade completed:_____

    College and/or vocational schools you have attended:

    _____

    _____

    Major areas of study:_____

13. Have you ever served on a jury?

    ____Yes      ____No

    If yes, how many times in:

    State/County Court_____          Federal Court_____

    When? _____

    Was it civil or criminal case(s)? _____

    Did the jury(ies) reach a verdict?_____

    Is there any reason that your prior jury service would affect your ability to be fair, objective, and impartial to both sides at this trial?

    ____Yes      ____ No

14. Have you served in the military?

    ____ Yes      ____ No

15. Are you fluent in the English language?

    ____ Yes      ____ No

16. Do you have any difficulty hearing or reading the English language?

    ____ Yes      ____ No

17. Have you had any training in law, accounting, taxation, and/or finance?

    ____Yes      ____No

    If yes, please explain: _____

    _____

    _____

18. Do you prepare tax returns for someone other than yourself and your spouse?

    ____ Yes      ____ No

19. Do you, or your spouse, own or operate a business?

    ____Yes      ____No

    If yes, please circle the type of business form it is:

    Corporation    Partnership    Limited Liability Company    Other Business Form

20. Have you, or a close friend or family member, ever worked for a court or for any prosecution or criminal defense office, including a district attorney's office, United

States Attorney's Office, public defender's office, or a private criminal defense attorney's office?

\_\_\_\_Yes      \_\_\_\_No

21. Have you, or a close friend or family member, ever been employed by the Internal Revenue Service or any law enforcement or government agency?

    \_\_\_\_Yes      \_\_\_\_No

    If yes, please explain: _____

    _____

    _____

22. Have you, or a close friend or family member, been the victim of or witness to a crime?

    \_\_\_\_Yes      \_\_\_\_No

    If yes, please explain: _____

    _____

    _____

23. Have you, or a close friend or family member, ever been accused, arrested or convicted of a criminal offense, other than a minor traffic violation?

    \_\_\_\_Yes      \_\_\_\_No

    If yes, please explain: _____

    _____

    _____

24. Have you, or a close friend or family member, had any direct dealings with the Internal Revenue Service, such as a civil audit, collection activity, or criminal investigation?

    \_\_\_\_Yes      \_\_\_\_No

    If yes, please explain: _____

    _____

    _____

25. Do you believe law enforcement officers or other government employees are **more** likely to tell the truth than other witnesses because of their occupations?

    \_\_\_\_Yes      \_\_\_\_ No

26. Do you believe law enforcement officers or other government employees are **less** likely to tell the truth than other witnesses because of their occupations?

\_\_\_\_Yes      \_\_\_\_ No

27. In this case, the defendant is charged with criminal violations of the Internal Revenue Code.  This is not a civil proceeding.  Is there anything about the nature of these charges that would make it difficult for you to be a fair and impartial juror?

\_\_\_\_Yes      \_\_\_\_ No

If yes, please explain: _____

_____

_____

28. Do you believe that violations of the federal tax laws should not be prosecuted as crimes by the government?

\_\_\_\_ Yes      \_\_\_\_ No

29. Do you understand that a defendant in a criminal case is presumed to be innocent unless proven guilty and that the burden of proof is upon the government to prove guilt beyond a reasonable doubt before there can be a conviction?

\_\_\_\_Yes      \_\_\_\_No

30. Will you be able to presume the defendant in this case to be innocent?

\_\_\_\_Yes      \_\_\_\_No

31. Because the defendant is presumed innocent and the burden of proof is on the government to prove guilt beyond a reasonable doubt, the defendant need not testify, or present any witnesses or evidence.  In fact, the defendant has a constitutional right not to testify and to rely upon the presumption of innocence.  Will you be able to presume the defendant to be innocent if he chooses not to testify or not to present any witnesses or evidence?

\_\_\_\_Yes      \_\_\_\_No

32. If, at the end of the case, you believe that the defendant is guilty beyond a reasonable doubt, will you be able to return a verdict of guilty?

\_\_\_\_Yes      \_\_\_\_No

If, at the end of the case, you have a reasonable doubt as to the defendant's guilt, will you be able to return a verdict of not guilty?

\_\_\_\_Yes      \_\_\_\_No

33. Will you be able to follow the law as the court gives it to you, even if you disagree with it or think it should be different?

\_\_\_\_Yes          \_\_\_\_No

34. Do you practice a religion that has a doctrine that its members may not sit in judgment of another's conduct in a court of law in a criminal case?

    ____Yes     ____No

35. Is there any other reason, not addressed above, that would make it difficult for you to be a fair and impartial juror in this case?

    ____Yes     ____No

    If yes, please explain: _____

    _____

    _____

    _____

## VERIFICATION

I,_____, declare under penalty of perjury
         PRINT FULL NAME

under the laws of the State of California and the United States of America, that the foregoing responses I have given on this juror questionnaire, and on any attached sheets, are true and correct to the best of my knowledge and belief.

_____                    _____
         DATE                                                          SIGNATURE